IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. AJAYKUMAR D. RAO and<br>DR. JAYA AYSOLA<br><br>Plaintiffs,<br><br>V.<br><br>ROTO-ROOTER SERVICES COMPANY<br><br>Defendant. | CIVIL ACTION NO. 2:22-cv-00828 |

## JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on **March 16, 2022**, and submit to Chambers the following report of their meeting for the Court's consideration:

**1.    Discussion of Claims, Defenses, and Relevant Issues**

The Court takes seriously Rule 26(f)(2)'s mandate that the parties confer and discuss these issues, and the parties should refer to the Rule in addition to this template. Counsel should assume that the Court has read the Complaint and is familiar with its claims. The facts supporting those claims and any defenses are unknown to the Court. Therefore, counsel shall set forth *concisely* the factual background that the parties contend support their claims and defenses.

Counsel should summarize what they believe to be the primary issues, threshold issues, and the issues on which they will need to conduct discovery. Identify what information each party needs in discovery, as well as when and why. Also indicate likely motions and their timing.

**This is a matter involving claims for breach of contract, violation of the Unfair Trade Practices and Consumer Protection Law, negligence and common law fraud. Defendant filed a Motion to Dismiss the claims for violations of the Unfair Trade Practices Act, fraud and negligence and the demand for punitive damages. This case arises from alleged mold infestation at Plaintiffs' Philadelphia residence that Plaintiffs attribute to Roto-Rooter's performance of its services at Plaintiffs' property where they were asked to fix a water leak. It is Defendant's position that pursuant to the Water Mitigation Agreement and Work Order, it was only required to perform water mitigation services at Plaintiffs' residence. This did not include mold remediation. Defendant further contends that Plaintiffs agreed that**

1

**Defendant's work was satisfactory as they signed a Certificate of Satisfaction. Plaintiffs' position is that Defendant's negligent actions in unnecessarily opening walls and not timely closing these walls of the home caused the mold to spread quickly through the entire home, requiring the Plaintiffs to vacate the home for a time, and further requiring the Plaintiffs to expend tens of thousands of dollars to remediate the damage done by Defendant's negligence. Plaintiffs also allege that the Defendant forged Plaintiffs' signatures on a number of documents, which actions form an additional basis for Plaintiffs' Unfair Trade Practices Act and fraud claims.**

**The primary issue from Defendant's perspective is an analysis of the scope of Defendant's work and whether Plaintiffs agreed to the scope of such work. Defendant claims Plaintiffs signed the Work Order and Water Mitigation Agreement agreeing to the scope of Defendant's work. Plaintiffs claim Defendant forged Plaintiffs' signatures on several documents.**

**Both parties will need to conduct discovery regarding these issues. Defendant will also need to conduct discovery on whether Plaintiffs relied upon its representations concerning the work Defendant performed and any associated issues. The discovery conducted by both parties will consist of interrogatories, document requests and deposition testimony. Defendant will need to conduct expert discovery regarding the reasonableness and causal relationship of the mold remediation services performed at Plaintiffs' residence and the nature of the work Defendant performed at the property and it might be necessary for both parties to hire handwriting and/or computer forensic experts to refute or support. Plaintiffs may also need to conduct expert discovery regarding the negligent nature of the Defendant's actions.**

**It may be necessary for either or both the Plaintiffs and/or the Defendant to file a Motion for Summary Judgment at the conclusion of the fact discovery deadline regarding Plaintiffs' claims for fraud, negligence, breach of contract and UTPCPL violations and Plaintiffs' demand for punitive damages.**

2.   **Initial and Informal Disclosures**

Rule 26(a)(1) lays out the requirements for initial disclosures. State counsels' agreement on timing, form and scope of initial disclosures by specifically identifying not only the information listed in Rule 26(a)(1), but also any additional information the parties agree to disclose informally. Self-executing discovery must not be delayed until the Rule 16 Conference.

**The parties will exchange Initial Disclosures prior to the Pretrial Conference. The parties plan to obtain the remainder of the necessary information through formal discovery.**

3.   **Formal Discovery**

Indicate the nature, sequence, and timing of formal discovery, as well as any need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally and the parties' plan for timely completing that discovery. Counsel should have discussed whether there is a *need* to exceed the

standard number of interrogatory or depositions provided for in the Federal Rules of Civil Procedure and, if so, they should stipulate to that change. Present proposed discovery deadlines.

**Both parties intend have retain handwriting experts and/or forensic experts in computer science to evaluate the validity of Plaintiffs' signatures on various documents. Plaintiffs may retain an expert in remediation services to opine as to the Defendant's actions. Defendant intends to retain an expert to assess the damages in dispute and the manner in which it performed its services. The parties do not anticipate the need to exceed the number of interrogatories and depositions provided for in the Rules. The parties propose the following case deadlines:**

  A. Deadline for Fact Discovery: **7/11/2022**

  B. Deadline to complete fact and expert discovery: **10/10/2022**

  C. Deadline for filing dispositive motions: **9/8/2022**

**The parties seek 120 days for discovery as this is a claim involving significant property damage and voluminous documents that will necessitate the retention of multiple experts. Additionally, it is anticipated that there will be several fact witnesses whose testimony will need to be secured, including those from multiple third parties.**

**4.**   **Electronic Discovery**

It is expected that the parties will reach an agreement on how to conduct electronic discovery. In the event the parties cannot reach such an agreement before the Rule 16 Conference, and the parties anticipate that electronic discovery may be had, the Court will impose its standard order sent to the parties along with the Notice of Preliminary Pretrial Conference.

**The parties do not anticipate any issues with electronic discovery.**

**5.**   **Expert Witness Disclosures**

Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses. State whether expert reports will be exchanged simultaneously or whether the exchange will be staggered. Provide a date for completion of expert discovery and for any potential *Daubert* motions.

  A. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): **8/10/2022**

  B. Deadline for rebuttal expert reports (if any): **9/8/2022**

  C. Deadline for taking of expert depositions: **10/10/2022**

  D. Deadline for *Daubert* motions: **11/9/2022**

**6. Early Settlement or Resolution**

    Counsel should discuss "the possibilities for promptly settling or resolving the case." Fed. R. Civ. P. 26(f)(2). They should also familiarize themselves with Local Rule 53.3 before responding. Recite the parties' discussions about early resolution through ADR, arbitration, or motion or otherwise. Explain what steps were taken by counsel to advise the client of alternative dispute resolution options. Explain any decision not to seek early resolution, what mediation options the parties may consider, and when mediation would be appropriate.

    **The parties have been made aware by their counsel of the severity and impact of litigating this matter. Any further consideration for settlement is premature until Defendant's Motion to Dismiss has been adjudicated. Once the parties are in a position to discuss settlement, they prefer to have the matter assigned to a Magistrate Judge.**

**7. Trial Date**

    Counsel should provide a date at which they expect to be ready for trial. If a date certain is requested, state the reasons. Generally, if requested, a firm trial date will be scheduled.

    December 7, 2022

**8. Other**

    Indicate any discussion or agreement between the parties at the Rule 26(f) Conference on matters not addressed above.

    **Not applicable.**

    **Respectfully Submitted:**

| /s/ Stephen A. Sheinen | *Phillip D. Berger* |
|---|---|
| **SEAN T. STADELMAN, ESQUIRE** | **PHILLIP D. BERGER, ESQUIRE** |
| **STEPHEN A. SHEINEN, ESQUIRE** | **MATTHEW R. KAUFMANN, ESQUIRE** |
| **Attorney ID Nos. 201636/61993** | **Attorney ID Nos. 58942/206991** |
| **Goldberg Segalla LLP** | **Berger Law Group, P.C.** |
| **1700 Market Street, Suite 1418** | **919 Conestoga Road, Building 3, Suite 114** |
| **Philadelphia, PA 19103-3907** | **Rosemont, PA 19010** |
| **(P): 267-519-6800; (F) 267-519-6801** | **(P): 610-668-0800; (F) 610-668-2800** |
| sstadelman@goldbergsegalla.com | Berger@BergerLawPC.com |
| ssheinen@goldbergsegalla.com | Kaufmann@BergerLawPC.com |
| **Attorneys for Defendant** | **Attorneys for Plaintiffs** |
| **Roto-Rooter Services Company** | **Dr. Ajaykumar D. Rao and** |
| | **Dr. Jaya Aysola** |